**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Plaintiff Green Savannah LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREEN SAVANNAH LLC**, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**ADOBE INC.**, a Delaware corporation, d/b/a **ADOBE SYSTEMS INCORPORATED**,<br><br>Defendant. | Case No. 3:20-cv-05568<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Violation of 17 U.S.C. §512(f);<br>2. Intentional Interference with Contractual Relations;<br>3. Intentional Interference with Prospective Economic Advantage; and<br>4. Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 3:20-cv-05568          **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

For its claims for relief against Defendant Adobe Inc. doing business as Adobe Systems Incorporated ("Defendant" or "Adobe"), Plaintiff Green Savannah LLC ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. Plaintiff seeks redress against Defendant for using unfair business practices to interfere with Plaintiff's ability to lawfully resell Adobe software.

2. Defendant is a computer software developer. Plaintiff is a reseller of, among other things, genuine copies of Defendant's Adobe software. In particular, for several years, Plaintiff has been one of the top and best-ranked resellers of Adobe software on eBay.com ("eBay").

3. Despite Plaintiff's lawful sale of Adobe software under the first sale doctrine, Defendant has submitted numerous bogus infringement notices to eBay under the Digital Millennium Copyright Act, 17 U.S.C. §512 ("DMCA") ("Notices"). While these Notices caused Plaintiff damages, Plaintiff initially restored its eBay listings through the submission of "counter notices," which confirmed Plaintiff's right to sell the Adobe software.

4. However, over the last year, Defendant escalated its misconduct, and sought to bypass eBay's DMCA procedures by, among other things, falsely reporting to eBay that Plaintiff was selling "counterfeit" Adobe software. Having a history of unsuccessful attempts to curb legitimate resellers of Adobe software, Defendant knew that its statements about Plaintiff were false, yet intentionally sought to interfere with Plaintiff's rights and contracts.

5. As a direct and proximate result of Defendant's misconduct, Plaintiff's ability to sell any software (or anything else) on eBay was terminated, even though Plaintiff had a five-star rating on eBay and no other complaints.

**PARTIES, JURISDICTION, AND VENUE**

6. This case arises in part out of Defendant's violation of 17 U.S.C. §512(f); therefore, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

1  §1331 and 28 U.S.C. §1338(a). The Court has supplemental jurisdiction over Plaintiff's
2  state law claims under 28 U.S.C. §1367(a). Additionally, the Court has diversity
3  jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are residents of
4  different states, and the amount in controversy in this case exceeds the sum or value of
5  $75,000.00, exclusive of interest and costs.

6      7.    Plaintiff is a privately held limited liability company duly created, existing,
7  and operating under the laws of Washington with its principal place of business in
8  Washington. All owners of Plaintiff reside in Washington and are citizens of Washington
9  within the meaning and intent of 28 U.S.C. §1332.

10      8.    On information and belief, Defendant is a Delaware corporation with its
11  principal place of business at 345 Park Avenue, San Jose, California 95110.

12      9.    The Court has general personal jurisdiction over Defendant as Defendant's
13  principal place of business is in California, and Defendant is therefore a resident of
14  California. Further, the Court has specific personal jurisdiction over Defendant, including
15  because Defendant has purposefully directed its activities at California by maintaining its
16  principal place of business in California and purposefully availing itself of the benefits of
17  California law and the privileges of conducting activities in California; and Plaintiff's claims
18  arise from Defendant's forum-related activities in California.

19      10.    Venue is proper in this judicial district under 28 U.S.C. §§1391(a)(2) and
20  1391(b)(2) because Defendant resides in this district and because a substantial part of
21  the events giving rise to the claims, such as Defendant's conduct, occurred in this district.

## INTRADISTRICT ASSIGNMENT

23      11.    Because this action concerns intellectual property rights, this action should
24  be assigned on a district-wide basis pursuant to Local Civil Rule 3-2.

## BACKGROUND AND FACTS

<u>Plaintiff's Lawful Resales of Adobe Software Under the First Sale Doctrine</u>

27      14.    Adobe is a self-proclaimed global leader in developing and distributing
28  computer software (i.e., the "Adobe software"). Its products and services offer developers

and enterprises tools for creating, managing, delivering, and engaging with content across multiple operating systems, devices, and media.

12. Defendant has previously and unsuccessfully sought to disable so-called "unauthorized resellers" of its software on the "secondary market," despite clear law protecting such resellers, to thwart competition at the expense of consumers. *See e.g., Adobe Sys., Inc. v. Christenson*, 809 F.3d 1071 (9th Cir. 2015).

13. Under the well-established "first sale doctrine," the right of a producer or developer to control distribution of a product protected by copyright and/or trademark rights does not extend beyond the first sale of a product. In other words, where a person lawfully acquires ownership of a genuine copy of copyrighted software, it may resell that product/software without committing copyright or other infringement.

14. Based on its rights under the first sale doctrine, Plaintiff, using the merchant name "Jacevoid," has sold genuine Adobe software and other software on eBay.com pursuant to a contract with eBay for approximately six years. In fact, Plaintiff quickly became the largest and highest rated seller of Adobe software on eBay.

15. Plaintiff has only offered for sale and sold genuine Adobe software, which Plaintiff lawfully acquired from third parties.

16. Plaintiff has only offered for sale and sold Adobe software that Plaintiff acquired from third parties who owned (as opposed to licensed) the Adobe software.

17. Plaintiff has not entered into any license with Defendant regarding any Adobe software that Plaintiff has offered for sale or sold. Nor has Plaintiff been the assignee or sub-licensee of any licensee agreement between Defendant and any third party regarding any Adobe software that Plaintiff has offered for sale or sold.

18. Plaintiff has not participated in any type of "authorized reseller" program with Defendant.

Defendant's Misrepresentative DMCA Notices and False Statements

19. Within approximately one year of Plaintiff opening its eBay store, Defendant began targeting Plaintiff.

20. Despite Plaintiff's lawful practices, Defendant submitted numerous bogus DMCA Notices to eBay, falsely claiming that Plaintiff was infringing on Defendant's copyrights in selling Adobe software. These Notices caused Plaintiff damages, including lost sales and profits when Plaintiff's eBay listings were temporarily removed and/or disabled due to the Notices. However, Plaintiff eventually prevailed in getting its content re-listed through the submission of "counter notices" under the DMCA that confirmed Plaintiff's rights.

21. Under the DMCA, if Defendant disputed Plaintiff's counter notices, Defendant had the opportunity to file a lawsuit against Plaintiff within ten to fourteen days. However, while Defendant threatened to do so, it did not file any lawsuit.

22. Instead, beginning in 2019, Defendant sidestepped the DMCA procedures in order to prevent Plaintiff from submitting counter notices (and thus the re-listing of Plaintiff's goods). More specifically, on several occasions within the last year, Defendant falsely stated to eBay that Plaintiff was selling "counterfeit" and/or illegal products, and/or infringing Adobe software (the "False Statements").

23. Defendant intentionally communicated the False Statements to eBay in an effort to have eBay suspend or revoke Plaintiff's account and/or remove Plaintiff's eBay listings.

24. Defendant's abusive history speaks for itself; Defendant has unsuccessfully targeted multiple resellers for similar issues in an effort to stifle competition and consumer choice.

25. Defendant continued to engage in above-described misconduct despite Plaintiff's demands to Defendant to cease and desist its unlawful conduct.

<u>Plaintiff's Damages</u>

26. As a direct and proximate result of Defendant's false DMCA Notices, Plaintiff suffered damages, including lost sales and profits when its eBay listings were temporarily removed and/or disabled due to Defendant's DMCA Notices.

27. Further, in March of 2020, as a direct and proximate result of Defendant's

False Statements, Plaintiff's ability to sell any software (or anything else) on eBay was terminated, even though Plaintiff had a five-star rating on eBay, without any complaints from actual software purchasers or legitimate complaints from software developers.

28. Despite Plaintiff's attempts to reinstate its account with eBay, and its efforts to communicate with Defendant, Plaintiff's eBay account has remained terminated.

29. Unless Defendant is enjoined from engaging in such unfair and anti-competitive conduct, Defendant will continue to engage in these business practices, which have caused and will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

### Misrepresentation Under 17 U.S.C. §512(f)

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

31. Over the last three years, and on numerous occasions, Defendant knowingly misrepresented to eBay that Plaintiff was infringing on Defendant's copyrights by offering for sale and selling Adobe software on eBay.

32. Defendant made these material misrepresentations through the submission of various Notices to eBay under 17 U.S.C. §512 to remove and takedown Plaintiff's eBay listings for Adobe software.

33. Defendant knew that its Notices were false and that the Notices would cause Plaintiff damages. In particular, on information and belief, Defendant knew or should have known that it had not retained title to the Adobe software that Plaintiff offered for sale and sold on eBay. As such, and on information and belief, Defendant knew or should have known that Plaintiff's listings and sales of Adobe software on eBay were covered by the first sale doctrine, and that Plaintiff was not infringing on Defendant's copyrights. Likewise, on information and belief, Defendant neglected to consider Plaintiff's fair use before sending the Notices under the DMCA.

34. As a direct and proximate result of Defendant's misrepresentations in the Notices, Plaintiff has been injured and damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Intentional Interference With Contractual Relations

35. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

36. For approximately six years, Plaintiff has performed its obligations under its contract with eBay, under which Plaintiff was authorized to sell software on eBay's platform.

37. As evidenced by Defendant's False Statements to eBay, Defendant was aware of the contractual relationship between Plaintiff and eBay.

38. Through its False Statements, Defendant falsely reported to eBay that Plaintiff was selling counterfeit, illegal, and/or infringing Adobe software. In fact, Defendant knew or should have known that the Adobe software being sold by Plaintiff on eBay was not counterfeit, illegal, and/or infringing.

39. Defendant intentionally made the False Statements to eBay to cause Plaintiff's listings for Adobe software to be removed on eBay and/or to cause eBay to terminate Plaintiff's ability to sell software on eBay.

40. In March of 2020, as a direct and proximate result of Defendant's wrongful conduct, eBay terminated Plaintiff's eBay account, rendering performance under Plaintiff's contract more expensive or difficult (and actually impossible) as Plaintiff's ability to sell any software on eBay was prevented.

41. When Defendant made the False Statements to eBay, Defendant intended to disrupt the performance of Plaintiff's contract with eBay or knew that disruption was certain or substantially certain to occur.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Intentional Interference With Prospective Economic Advantage

43. Plaintiff incorporates by reference the allegations contained in the

preceding paragraphs.

44. For approximately six years, an economic relationship that contained the probability of a future economic benefit to Plaintiff existed between Plaintiff and eBay. This relationship enabled Plaintiff to sell software on eBay's platform and to earn revenue.

45. Defendant had knowledge of the relationship between Plaintiff and eBay.

46. Through its False Statements, Defendant falsely reported to eBay that Plaintiff was selling counterfeit, illegal, and/or infringing Adobe software. In fact, Defendant knew or should have known that the Adobe software being sold by Plaintiff on eBay was not counterfeit, illegal, and/or infringing.

47. Defendant intentionally made the False Statements to eBay to cause Plaintiff's listings for Adobe software to be removed on eBay and/or for the purpose of causing eBay to terminate Plaintiff's ability to sell software on eBay.

48. In March of 2020, as a direct and proximate result of Defendant's wrongful conduct, eBay terminated Plaintiff's eBay account, rendering performance under Plaintiff's contract more expensive or difficult (and actually impossible) as Plaintiff's ability to sell any software on eBay was prevented.

49. When Defendant made the False Statements to eBay, Defendant intended to disrupt Plaintiff's economic relationship with eBay.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**Violation of California Unfair Competition Law**

**Cal. Bus. & Prof. Code §§17200, et seq.**

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

52. Defendant has engaged in unfair and unlawful actions in an effort to monopolize the marketplace and prevent the lawful resale of Adobe software. Defendant's practices have harmed both independent resellers like Plaintiff, whose ability

to compete is impeded, and customers, who are forced to pay increased costs for Adobe software as a result of this artificially deflated competition. In fact, Defendant's acts, which follow a long history of unfair and unlawful practices, destroy competition for Adobe software at the expense of consumers, and are tantamount to violations of the antitrust laws.

53. Through the conduct described herein, including Defendant's submission of bogus DMCA Notices and its communication of the False Statements to eBay, Defendant has engaged in "unlawful" business practices in violation of U.S. Copyright laws and the California common law of interference.

54. Through the conduct described herein, including Defendant's submission of bogus DMCA Notices and its communication of the False Statements to eBay, Defendant has engaged in "unfair" business practices in that Defendant's conduct violates the policy and spirit of antitrust laws, including the prohibition against monopolization and attempted monopolization of relevant markets. Defendant's conduct significantly threatens and harms competition in a market where Defendant possesses monopoly power—i.e. the market for Adobe software.

55. Any utility of Defendant's misconduct is far outweighed by the substantial gravity of harm to Plaintiff, to secondary market resellers like Plaintiff, and to the interests of the general public, who are forced to pay increased costs for Adobe software as a result of this artificially deflated competition.

56. As a result of Defendant's unfair and unlawful conduct, Plaintiff has suffered an injury in fact and lost sales that Plaintiff otherwise would have made and has accordingly lost money or property as a result of Defendant's practices.

57. Defendant's actions have caused, and unless restrained by this Court will continue to cause, irreparable injury to Plaintiff. For such current and future wrongful conduct, while certain to inflict serious harm to Plaintiff, there exists no adequate remedy at law. Pursuant to California Business and Professions Code §17203, Plaintiff is therefore entitled to injunctive relief against Defendant to prohibit such certain harm.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For a permanent injunction enjoining Defendant from engaging in the unfair business practices discussed above;

B. For compensatory damages awarded against Defendant in an amount to be proved at trial;

C. For punitive or exemplary damages in an amount to be proved at trial;

D. For Plaintiff's costs awarded against Defendant;

E. For Plaintiff's reasonable attorney's fees awarded against Defendant pursuant to 17 U.S.C. §512(f);

F. For prejudgment and post-judgment interest at the highest rate allowed by law; and

G. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATED: August 11, 2020         **KRONENBERGER ROSENFELD, LLP**

By: ____s/ Jeffrey M. Rosenfeld_____
           Jeffrey M. Rosenfeld

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, hereby demands a trial by jury for all questions of fact that can be decided by a jury in the above-entitled action.

Respectfully Submitted,

DATED: August 11, 2020

**KRONENBERGER ROSENFELD, LLP**

By: _____s/ Jeffrey M. Rosenfeld_____
        Jeffrey M. Rosenfeld

Attorneys for Plaintiff